U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
JUN 18 2009
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALFONZO HENDRIX                                                                PLAINTIFF

v.                               Civil No. 4:09-cv-0 4062

CARL VAUGHN; PETIT JEAN
POULTRY, Prescott, Arkansas;
EX-POLICE OFFICER CHRIS
FINCHER; EX-POLICE OFFICER
SCOTT SUNDBURG; EX-CHIEF OF
POLICE SAM REEDER; EX-ASSISTANT
CHIEF OF POLICE MORRIS IRWIN;
DUSTIN McDANIEL, State of Arkansas,
Attorney General's Office; and
CIRCUIT JUDGE DUNCAN CULPEPPER                                                 DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. The clerk is directed to file the *in forma pauperis* application and complaint. Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

### Background

According to the allegations of the complaint, on March 7, 2004, Hendrix's home was illegally searched by Officers Chris Fincher and Scott Sundberg of the Prescott Police Department. Hendrix maintains this search was based on false and inconsistent information provided to the police by Charles Vaughn.

During the search, Hendrix states he was questioned about a robbery. Hendrix alleges Morris Irvin, the Assistant Chief of Police, Sam Reeder, the Chief of Police, and Judge Culpepper, all signed documents having to do with the illegal search.

Hendrix maintains the robbery victim, Carl Vaughn, was brought by the house and identified him. Hendrix maintains Vaughan falsely accused Hendrix of robbery and gave false testimony at Hendrix's criminal trial.

Hendrix maintains he was convicted of a crime he didn't commit. Hendrix maintains the case should have been dismissed because Judge Culpepper signed an invalid search warrant. Hendrix asks that his conviction be reversed and his record be expunged. He also asks for compensatory and punitive damages for his false imprisonment.

### Discussion

The plaintiff is an inmate of the Arkansas Department of Correction, Wrightsville Unit. Pursuant to 28 U.S.C. § 1915A the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). *See also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he only receives funds into his inmate account from his sister. The records from the Arkansas Department of Correction show his monthly balance averaged about thirty-nine ($39.00) dollars. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims are clearly subject to dismissal as they are frivolous, fail to state claims

upon which relief may be granted, or are asserted against individuals immune from suit. First, the claims asserted are barred by the statute of limitations as they are based on events that took place in March of 2004. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2004, would be barred by the statute of limitations.

Second, to the extent the complaint asserts a claim for damages, it is barred by the Supreme Court decision of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Hendrix's conviction has not been reversed or otherwise held invalid.

Third, Judge Duncan Culpepper is immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale*, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

Fourth, this complaint is subject to dismissal on *res judicata* grounds. Hendrix filed a prior civil action based on the same claims, *Hendrix v. Rogers, et al*, Civil No. 4:06-cv-04090. While a

dismissal under 28 U.S.C. § 1915(d) "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915(d) dismissal has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994). Accordingly, the dismissal of 4:06-cv-04090 has res judicata effect and establishes that this claim is frivolous for § 1915(d) purposes. *Id.*

## Conclusion

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and Plaintiffs' Complaint be dismissed without prejudice.

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of June 2009.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE