IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALFONZO HENDRIX                                                                                      PLAINTIFF

V.                                           CASE NO. 09-CV-4062

CARL VAUGHN; PETIT JEAN
POULTRY, Prescott, Arkansas;
EX-POLICE OFFICER CHRIS
FINCHER; EX-POLICE OFFICER
SCOTT SUNDBURG; EX-CHIEF OF
POLICE SAM REEDER; EX-ASSISTANT
CHIEF OF POLICE MORRIS IRWIN;
DUSTIN McDANIEL, State of Arkansas,
Attorney General's Office; and
CIRCUIT JUDGE DUNCAN CULPEPPER                                                DEFENDANTS

## ORDER

Before this Court is a report and recommendation filed on June 18, 2009, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 3). Plaintiff, Alfonzo Hendrix, filed a motion for leave to proceed *in forma pauperis* (IFP), and pending the determination of his IFP status, plans to bring a civil rights action against the Defendants pursuant to 42 U.S.C. § 1983. Judge Bryant recommends that Plaintiff's IFP status be denied and his case be dismissed, because Plaintiff's claims are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. Judge Bryant also recommends that Plaintiff's IFP status be denied and his case dismissed because his cause of action is barred by the applicable statute of limitations and is also barred by *res judicata*. Plaintiff Hendrix has responded with timely objections. (Doc. 5). After reviewing the record *de*

*novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

In his Objections to the Report and Recommendation, Plaintiff Hendrix states that his complaint was filed before the applicable statute of limitations period had run out. (Doc. 5, pg. 3). Judge Bryant correctly states that § 1983 does not contain its own statute of limitations, instead § 1983 uses "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, (1987); *Bell v. Fowler*, 99 F.3d 262, 265-66 (8th Cir. 1996). The applicable statute of limitations in Arkansas, for claims under § 1983, is three years. *See* Ark. Code Ann. § 16-56-103(3) (2005); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(holding that Ark. Code Ann. § 16-56-103(3) was the applicable statute of limitation for § 1983 cases). The events that gave rise to the current action took place in 2004, thus the present action is barred because it was not brought within the applicable time period.

With respect to Mr. Hendrix's second claim, that his action does state a claim upon which relief may be granted, Judge Bryant correctly stated that this claim is barred because Hendrix's conviction has never been overturned. The United States Supreme Court has held that a claim for damages for alleged unconstitutional conviction or imprisonment is not cognizable unless the conviction has been overturned on "direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994). Therefore, since Mr. Hendrix's conviction has not been overturned or otherwise held to be invalid, the Court agrees with Judge Bryant's recommendation to deny IFP status and dismiss Mr. Hendrix's cause of action.

With respect to Mr. Hendrix's third claim, that Judge Culpepper should not be immune

from suit, the Court agrees with Judge Bryant's recommendation that Judge Culpepper is immune from the present action. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). In this case, Plaintiff alleged that Judge Culpepper signed an invalid search warrant for his home. It is clear that Judge Culpepper was acting within his official capacity when he signed the search warrant, thus Judge Culpepper enjoys absolute immunity from § 1983 suits. Therefore, the Court adopts Judge Bryant's recommendation that Judge Culpepper be immune from Mr. Hendrix's § 1983 action.

The Court also agrees with Judge Bryant's recommendation Plaintiff's complaint should be dismissed on *res judicata* grounds. Mr. Hendrix has already filed a similar action that was dismissed. *See Hendrix v. Rogers, er al.*, Case #: 4:06-CV-04090-HFB, in the U.S. District Court, Western District of Arkansas, Texarkana Division. The general rule for 28 U.S.C. § 1915(d) is that it "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint, a § 1915(d) dismissal has res judicata effect 'on frivolous determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25, 34, 112 S. Ct. 1728, 1734, 118 L. Ed.2d 340 (1992). Therefore, the dismissal of Mr. Hendrix's previous action by this Court has *res judicata* effect and establishes that this claim is frivolous for § 1915(d) purposes. Thus, Plaintiff's claims should be dismissed.[1]

---

[1] In reviewing an *in forma pauperis* application, the Court must determine whether the cause of action stated in the complaint is frivolous. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). If so, the complaint should be dismissed. *Id*.

## **CONCLUSION**

For the reasons discussed herein and above, as well as those stated in Judge Bryant's Report and Recommendation, (Doc. 3), Alfonzo Hendrix's IFP application is **DENIED**. Also, Alfonzo Hendrix's § 1983 action is **DISMISSED**.

IT IS SO ORDERED, this 8th day of January, 2010.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge